IN THE COURT UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STARLION ELECTRONICS DISTRIBUTION, LLC,<br>5211 Brookpark Road<br>Parma, OH 44134 | ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) | |
| MFG GLOBAL LLC,<br>600 Jefferson St 232<br>Lafayette, LA 70501 | ) ) ) ) | |
| and | ) ) | |
| DENNIS BOND,<br>124 Olivewood Drive<br>Youngsville, LA 70592, | ) ) ) ) | |
| Defendants. | ) ) | |

Now comes Plaintiff, Starlion Electronics Distribution, LLC ("Starlion"), by and through undersigned counsel, hereby brings this Complaint against Defendants MFG Global LLC ("MFG") and Dennis Bond ("Bond") (collectively, "Defendants"), and hereby states as follows:

## NATURE OF THE CASE

1.     Starlion brings this action against the Defendants to recoup at least $2,358,720.00 in principal that it prepaid to them for goods per contracts under which the Defendants failed, and on information and belief never intended, to fully perform.

## PARTIES

2.      Plaintiff Starlion is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at the address listed in the caption of this Complaint.

3.      Defendant MFG is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business located at the address listed in the caption of this Complaint.

4.      Upon information and belief, Defendant Bond is a natural person and citizen of the State of Louisiana.  Upon information and belief, Bond is the sole owner of MFG.

## JURISDICTION AND VENUE

5.      Plaintiff invokes diversity jurisdiction of this Court pursuant to 29 U.S.C. § 1332 because Starlion and Defendants are citizens of different states and the subject matter of the controversy exceeds $75,000.00 exclusive of interest, attorney fees, and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Starlion's claims occurred in this judicial district.

7.      Defendants are subject to personal jurisdiction by virtue of, at all relevant times:

a.  Transacting business within this Court's jurisdiction;

b.  Contracting to supply services or goods within this Court's jurisdiction;

c.  Causing tortious injury by an act or omission within this Court's jurisdiction; and/or

d.  Causing tortious injury within this Court's jurisdiction by an act or omission outside when Defendants regularly do or solicit business, engage in persistent

2

courses of conduct, and/or derive substantial revenue from goods used or consumed, or services rendered within this Court jurisdiction.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      On or January 14, 2022, Defendants MFG and Bond entered into a valid agreement with Starlion whereby Defendants agreed to sell iHealth Covid-19 Antigen Rapid Test (the "Covid-19 Tests") to Starlion.

9.      The agreement between Defendants and Starlion (the "Agreement") was memorialized in and/or evidenced by Purchase Order PO-0003 ("Purchase Order"). *See,* attached Exhibit 1.

10.     Pursuant to the Purchase Order, Defendants were required to deliver 393,120 Covid-19 Tests to Starlion at a unit rate of $12.00 each, for a total of $4,717,440.00.

11.     On or about January 14, 2022, Starlion wired $2,000,000.00 to Defendants pursuant to the Agreement. *See,* attached Exhibit 2.

12.     On or about January 21, 2022, Starlion wired $1,300,000.00 to Defendants pursuant to the Agreement. *See,* Exhibit 2.

13.     On or about February 2, 2022, Starlion wired $1,317,440.00 to Defendants pursuant to the Agreement.  *See,* attached Exhibit 3.

14.     On or about February 3, 2022, Starlion wired $100,000.00 to Defendants pursuant to the Agreement.  *See,* attached Exhibit 3.

15.     Defendants were required to deliver the Covid-19 Tests to Starlion within two (2) weeks of receiving the payment from Starlion.

16.     Defendants failed to deliver any of the Covid-19 Tests to Starlion.

FP 45196924.2

17.     On or about February 16, 2022, MFG refunded $2,358,720.00 to Starlion via wire. *See,* attached Exhibit 4.

18.     On or about February 17, 2022, Starlion requested that Defendants refund the remaining balance due which is $2,358,720.

19.     On or about April 14, 2022, Starlion requested, for a second time, that Defendants refund the $2,358,720 remaining balance. However, Defendants failed and/or refused to make the payment.

20.     Upon information and belief, Defendants used the money that they unlawfully obtained/retained from Starlion to invest in an oilfield and/or other lucrative or potentially lucrative ventures.

## COUNT I
### Breach of Contract

21.     Starlion incorporates each of the preceding Paragraphs as if wholly restated herein.

22.     The Agreement between Starlion and Defendants is a valid contract.

23.     Defendants breached the Agreement when they failed to deliver the Covid-19 Tests to Starlion.

24.     Starlion fulfilled all of its obligations under the Agreement.

25.     Defendants MFG and Bond issued a partial refund of $2,358,720.00 to Starlion, but wrongfully retained at least $2,358,720.00 without providing any Covid-19 Tests to Starlion.

26.     Defendants' breach of their contractual obligations has caused Starlion to be damaged in an amount to be proven at trial.

## COUNT II
### Unjust Enrichment

27.     Starlion incorporates each of the preceding Paragraphs as if wholly restated herein.

4

28.     Starlion conferred benefits upon Defendants in the form of monetary prepayments for the Covid-19 Tests.

29.     Defendants knew of the monetary prepayments conferred upon them.

30.     Defendants have wrongfully retained at least $2,358,720.00 of the monetary prepayments conferred upon them.

31.     Starlion has been deprived of the benefit of at least $2,358,720.00 wrongfully retained by Defendants.

32.     Under the circumstances, it would be unjust to allow Defendants to retain these benefits.

33.     Defendants' unjust retention of benefits has caused Starlion to be damaged in an amount to be proven at trial.

<u>COUNT III</u>
**Fraudulent Inducement**

34.     Starlion incorporates each of the preceding Paragraphs as if wholly restated herein.

35.     Defendants made false statements of fact to Starlion regarding their intent to perform under the Agreement.

36.     Specifically, Defendants represented to Starlion that they would deliver the Covid-19 Tests in exchange for $4,717,440.00.

37.     In reliance on Defendants' representations, Starlion prepaid at least $4,717,440.00 to Defendants for the bargained-for Covid-19 Tests.

38.     Defendants never intended to perform under the Agreement with Starlion.

39.     Defendants never delivered any of the Covid-19 Tests that they promised to Starlion.

5

40.     While Defendants have issued a partial refund to Starlion, Defendants have wrongfully withheld at least $2,358,720.00 from Starlion.

41.     At the time their representations were made, Defendants knew or should have known them to be false.

42.     Defendants' fraudulent representations were material to Starlion's decision to enter into the Agreement.

43.     Defendants intended that these fraudulent representations would induce Starlion to make prepayments for goods they would not deliver.

44.     Starlion justifiably relied on Defendants' fraudulent representations to its determent by making prepayments to Defendants.

45.     As a result of Defendants fraudulent misrepresentations, Starlion has been damaged in an amount to be proven at trial.

**COUNT IV**
**Civil Conspiracy**

46.     Starlion incorporates each of the preceding Paragraphs as if wholly restated herein.

47.     Defendants maliciously conspired with each other and acted with the intent of depriving Starlion of its money.

48.     Specifically, Defendants conspired to wrongfully induce Starlion to prepay for Covid-19 Tests which they had no intent to deliver.

49.     Defendants jointly negotiating and entering into the Agreement with Starlion; making representations to Starlion regarding their ability and intention to perform under their contracts; facilitating and accepting Starlion's prepayments; and failing to deliver the Covid-19 Tests for which Starlion prepaid, were independent unlawful acts in furtherance of Defendants' conspiracy.

FP 45196924.2

50.     As a result of Defendants' civil conspiracy, Starlion has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Starlion Electronics Distribution, LLC prays that this Honorable Court awards judgment in favor of Plaintiff and against Defendants, jointly and severally, as follows:

(1)     **As to Count I**:  Compensatory damages in the amount of at least $2,358,720.00, plus pre- and post-judgment interest at the highest rate permitted by law.

(2)     **As to Count II**:  Damages for Defendants' unjust enrichment, the exact amount of which will be determined at trial.

(3)     **As to Count III**:

a.      Damages for Defendants' fraudulent conduct, the exact amount of which will be determined at trial;

b.      Punitive damages;

c.      Attorney fees; and

d.      Costs.

(4)     **As to Count IV**:

a.      Damages for Defendants' fraudulent conduct, the exact amount of which will be determined at trial;

b.      Punitive damages;

c.      Attorney fees; and

d.      Costs.

(5)     **As to All Counts**:  Such other relief, legal or equitable, that this Court deems suitable and proper.

FP 45196924.2

Respectfully submitted,

/s/ Komlavi Atsou
Komlavi Atsou (0084235)
Nicholas G. Anhold (0098881)
Fisher & Phillips, LLP
200 Public Square, # 4000
Cleveland, OH  44114
(440) 838-8800 - Telephone
(440) 838-8805 - Fax
katsou@fisherphillips.com
nanhold@fisherphillips.com
*Attorneys for Plaintiff*